IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRANCE B. WEST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1433 |
| | § | |
| C. P. ONWUKA, | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending is Defendant C. P. Onwuka's Motion to Dismiss Plaintiff's Complaint (Document No. 3). Plaintiff's response was struck for failure to comply with the rules of court, and no further response has been made.[1] The motion is therefore deemed unopposed pursuant to Local Rule 7.4.

In his Small Claims Petition (the "Petition"), filed in state court, *pro se* Plaintiff Terrance B. West ("Plaintiff") alleges bribery, harassment, and constitutional violations against Defendant C. P. Onwuka ("Defendant"), a Houston Police Department

---

[1] On August 26, 2014, more than two months after his response to Defendant's motion was due, Plaintiff filed a "Motion to Retain/ Response to Defendant's Motion to Dismiss," Document No. 6, along with three other documents. Document Nos. 5, 7, 8. All four documents were struck either for failure to comply with Local Rules 5.4 or 7.1.D(1), or both. Document No. 9. Even if the Court were to consider Plaintiff's arguments contained in the struck documents, they would not change the Court's ruling on Defendant's motion.

officer.[2]  Defendant removed the case on the basis of federal question jurisdiction and now moves to dismiss for failure to state a claim.[3]

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

The factual allegations in Plaintiff's Petition consist entirely of the following entry in the "Cause of Action" section:

> REIMBURSEMENT [DUE] TO BRIBERY, ILLEGAL SEARCH AND PROCEDURES / HARASSMENT. REIMBURSEMENT CONSISTS OF AN ILLEGAL TOW OF VEHICLE, ILLEGAL PRISONER TOW AND UNNECESSARY MONEY SPENT FOR BONDING OUT OF JAIL [DUE] TO THIS UNLAWFULLY PROCEDURE: AMENDMENT I FREEDOM OF

---

[2] Document No. 1-4 at 4 of 8.

[3] Document Nos. 1, 3.

>     RELIGION, SPEECH, PRESS, ASSEMBLY AND PETITION, AMENDMENT
>     IV SEARCH AND ARREST: AMENDMENTS VI AND CIVIL CASES
>     OTHER.[4]

This conclusory list of causes of action, which does not identify any specific actions by Defendant, does not provide "enough facts to state a claim to relief that is plausible on its face" as to any cause of action. Twombly, 127 S. Ct. at 1974. It is therefore

ORDERED that Defendant C. P. Onwuka's Motion to Dismiss Plaintiff's Complaint (Document No. 3) is GRANTED and Plaintiff's claims are DISMISSED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 10th day of September, 2014.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Document No. 1-4 at 4 of 8. Plaintiff seeks reimbursement in the amount of $354.90 for a tow fee, $278 for bond, and $2,500 for "DOWNPAYMENT DAMAGES DUE TO 2006 NISSAN ALTIMA." Id.